UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA VICTIM OF CRIME COMPENSATION BOARD,<br>THE PASADENA FIRE CHIEF CHAD AUGUSTIN,<br>LINDSEY REED DIRECTOR OF THE WOMAN ROOM,<br>SANTA CATALINA BRANCH LIBRARY,<br>HASTING RANCH BRANCH LIBRARY,<br><br>    Defendants. | Case No. 2:24-cv-04652-JWH-AGR<br><br>**ORDER TO SHOW CAUSE** |

On June 4, 2024, Plaintiff Gwendolyn Hall filed a Complaint, thereby commencing this case, as well as a Request to Proceed *in Forma Pauperis* (the "IFP Request").[1]  The Complaint is the latest of more than 30 actions that Hall has filed in the federal courts, mainly the United States District Court for the Central District of California, that are frivolous and duplicative.  Accordingly, the Court finds it appropriate to warn Hall that she may be designated as a vexatious litigant.  This Order places Hall on notice that this Court is considering issuing a vexatious litigant order that will impose pre-filing conditions upon her before she may file another Complaint, IFP Request, or document in a case that is closed.  If Hall opposes the designation, then she must file a written response to this Order ***no later than July 19, 2024***.

## I. LEGAL STANDARD

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quotation marks omitted)).  In the Central District of California, the Court may, "[o]n its own motion," initiate a vexatious litigant order at "any time," which eventually may result in "a directive to the Clerk not to accept further filing from the litigant . . . without written authorization from a judge of the Court or a Magistrate Judge[.]"  L.R. 83-8.2.

"When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a

---

[1]  Complaint [ECF No. 1]; Request to Proceed *in Forma Pauperis* [ECF No. 3].

-2-

vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147-48).

"The first and second of these requirements are procedural, while the 'latter two factors . . . are substantive considerations . . . [that] help the district court define who is, in fact, a "vexatious litigant" and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts.'" *Ringgold-Lockhart*, 761 F.3d at 1063 (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007)).

## II. ANALYSIS

### A. Notice and Opportunity to Oppose the Order

This order serves as notice to Hall that she has until July 19, 2024, to file a written opposition to her designation as a vexatious litigant. *See Ringgold-Lockhart*, 761 F.3d at 1063 (tentative ruling declaring plaintiffs as vexatious litigants and the provision of two weeks to oppose it were sufficient to provide notice and an opportunity to be heard). This matter will be decided without oral argument. *See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue.").

### B. Compilation of an Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. The record may include cases filed in other judicial districts. *See Ringgold-Lockhart*, 761 F.3d at 1064 (district court properly considered the litigants' history of state court litigation).

In its compilation of the record, the Court lists the following cases:

(1) *Hall v. Gordo*, Case No. 2:23-cv-08444-JWH-AGR (C.D. Cal. Oct. 27, 2023);

(2) *Hall v. Rodriguez*, Case No. 2:23-cv-10768-JWH-AGR (C.D. Cal. Jan. 2, 2024);

(3) *Hall v. Lara*, Case No. 2:24-cv-00123-MEMF-PD (C.D. Cal. Mar. 22, 2024);

(4) *Hall v. Pasadena Fire Department*, Case No. 2:24-cv-00200-JLS-AGR (C.D. Cal. Mar. 16, 2024);

(5) *Hall v. Pasadena Police Department*, Case No. 2:24-cv-00270-CBM-JPR (C.D. Cal. Jan. 22, 2024);

(6) *Hall v. Wray*, Case No. 2:24-cv-00432-PA-AS (C.D. Cal. Jan. 20, 2024);

(7) *Hall v. Rodriguez*, Case No. 2:24-cv-00729-AB-MAR (C.D. Cal. Jan. 31, 2024);

(8) *Hall v. Social Security Administration*, Case No. 2:24-cv-00846-JWH-AGR (C.D. Cal. Feb. 5, 2024);

(9) *Hall v. Lansing*, Case No. 2:24-cv-00935-JWH-AGR (C.D. Cal. Feb. 15, 2024);

(10) *Hall v. Pasadena Department of Motor Vehicles*, Case No. 2:24-cv-01140-JWH-AGR (C.D. Cal. Feb. 15, 2024);

(11) *Hall v. California State University, Los Angeles*, Case No. 2:24-cv-02043-JLS-SK (C.D. Cal. Apr. 24, 2024);

(12) *Hall v. Bonta*, Case No. 2:24-cv-02044-JWH-AGR (C.D. Cal. Mar. 20, 2024);

(13) *Hall v. U.S. Postal Service Mail Fraud*, Case No. 2:24-cv-02217-FLA-SSC (C.D. Cal. Apr. 8, 2024);

(14) *Hall v. Los Angeles Sheriff Department*, Case No. 2:24-cv-02870-JWH-AGR (C.D. Cal. Apr. 15, 2024);

(15) *Hall v. California State Board of Pharmacy*, Case No. 2:24-cv-02986-CBM-MRW (C.D. Cal. Apr. 22, 2024);

(16) *Hall v. Los Angeles Board of Supervisors Executive Officers*, Case No. 2:24-cv-03357-JWH-AGR (C.D. Cal. Apr. 29, 2024);

(17) *Hall v. Jomsky*, Case No. 2:24-cv-03456-MWF-AJR (C.D. Cal. May 30, 2024);

(18) *Hall v. California Department of Rehabilitation*, Case No. 2:24-cv-03498-MCS-PD (C.D. Cal. May 15, 2024);

(19) *Hall v. Flaggs*, Case No. 2:24-cv-03594-FLA-MRW (C.D. Cal. May 7, 2024);

(20) *Hall v. Wells Fargo Bank*, Case No. 2:24-cv-03701-JWH-AGR (C.D. Cal. May 10, 2024);

(21) *Hall v. Department of the Treasury*, Case No. 2:24-cv-03736-JWH-AGR (C.D. Cal. May 13, 2024);

(22) *Hall v. Biden*, Case No. 2:24-cv-4057-FLA-AGR (C.D. Cal. May 23, 2024);

(23) *Hall v. Estrada*, Case No. 2:24-cv-04332-SPG-MAR (C.D. Cal. June 5, 2024);

(24) *Hall v. Judge Rosenberg*, Case No. 2:24-cv-04396-RGK (C.D. Cal. May 30, 2024);

(25) *Hall v. Kinsey*, Case No. 17-55345 (9th Cir. Nov. 14, 2017);

(26) *Hall v. Wray*, Case No. 23-cv-1909-CRC (D.D.C. Aug. 23, 2023);

(27) *Hall v. U.S. Postal Inspection Service*, Case No. 23-cv-2189-CRC (D.D.C. Aug. 23, 2023);

(28) *Hall v. Social Security Administration*, Case No. 23-cv-2285-CRC (D.D.C. Aug. 23, 2023);

(29) *Hall v. U.S. Department of Justice*, Case No. 23-cv-2286-CRC (D.D.C. Aug. 23, 2023);

(30) *Hall v. Department of Education*, Case No. 23-cv-2287-CRC (D.D.C. Aug. 23, 2023);

(31) *Hall v. U.S. Department of Health and Human Services*, Case No. 23-cv-2288-CRC (D.D.C. Aug. 23, 2023);

(32) *Hall v. Harris*, Case No. 23-cv-2289-CRC (D.D.C. Aug. 23, 2023);

(33) *Hall v. Biden*, Case No. 23-cv-2290-CRC (D.D.C. Aug. 23, 2023);

(34) *Hall v. Newsom*, Case No. 23-cv-2122-CRC (D.D.C. Aug. 1, 2023); and

(35) *Hall v. Wray*, Case No. 23-cv-1908-CRC (D.D.C. July 7, 2023).

Those cases—all of which were dismissed as frivolous—lead the Court to conclude that a vexatious litigant order is needed.

**C.   Substantive Findings of Frivolousness or Harassment**

"[I]t is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d at 1148). To qualify as frivolous, "'[t]he plaintiff's claims must not only be numerous, but also be patently without merit.'" *Molski*, 500 F.3d at 1059 (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)). In the alternative, to qualify as harassment, "the filing of several similar types of actions [must] constitute[] an intent to harass the defendant or the court.'" *De Long*, 912 F.2d at 1148 n.3 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Here, the Court finds that Hall's cases fall under both categories.

**1.   Frivolousness**

Hall's actions are numerous and patently without merit. In the instant action, which is duplicative of several prior actions, Hall alleged the following: The Federal Bureau of Investigation (the "FBI") has been victimizing her for years and has forced her into human trafficking and homelessness. The FBI accumulated $20 million by filing civil rights claims in Hall's name. The FBI

used government phones in Hall's name, controlled her computer, and put chemicals in her food and hair products. The FBI allowed a woman to assume Hall's identity. The woman put her name on Hall's dental and optometry records and took over Hall's bank account in order to launder money. The Vice President of the United States had a court clerk falsify a federal judge's initials on court records. The Vice President filed a civil rights case in Hall's name. An agent stole Hall's mail and public benefits. A firefighter took over Hall's apartment.[2]

    Those allegations repeat Hall's assertions from several prior actions in which she made fanciful and baseless allegations of a broad conspiracy, whose participants included officials at the highest levels of government, to steal her identity and to ruin her life.

    For example, Hall has alleged repeatedly that the Vice President of the United States tried to kill her, steal her identity, and frame her on criminal charges. *See Hall v. Harris*, Case No. 23-cv-2289-CRC (D.D.C. Aug. 23, 2023); *Hall v. Estrada*, Case No. 2:24-cv-04332-SPG-MAR (C.D. Cal. June 5, 2024); *Hall v. Judge Rosenberg*, Case No. 2:24-cv-04396-RGK (C.D. Cal. May 30, 2024); *Hall v. Biden*, Case No. 2:24-cv-4057-FLA-AGR (C.D. Cal. May 23, 2024).

    Hall has alleged repeatedly that federal agents and others have been secretly entering her apartment to switch her vitamins, poison her food, and tamper with her personal care products. *See Hall v. Gordo*, Case No. 2:23-cv-08444-JWH-AGR (C.D. Cal. Oct. 27, 2023); *Hall v. Harris*, 23-cv-2289-CRC (D.D.C. Aug. 23, 2023); *Hall v. Judge Rosenberg*, Case No. 2:24-cv-04396-RGK (C.D. Cal. May 30, 2024); *Hall v. Wells Fargo Bank*, Case No. 2:24-cv-03701-JWH-AGR (C.D. Cal. May 10, 2024); *Hall v. Lara*,

---

[2] Complaint 1-4.

Case No. 2:24-cv-00123-MEMF-PD (C.D. Cal. Mar. 22, 2024); *Hall v. Wray*, Case No. 2:24-cv-00432-PA-AS (C.D. Cal. Jan. 20, 2024); *Hall v. Rodriguez*, Case No. 2:23-cv-10768-JWH-AGR (C.D. Cal. Jan. 2, 2024). Hall once alleged that FBI agents poured chemicals in the tubes supplying her drinking water. *See Hall v. Pasadena Police Department*, Case No. 2:24-cv-00270-CBM-JPR (C.D. Cal. Jan. 22, 2024).

Hall has alleged repeatedly that a woman, often with the help of government officials, used Hall's medical insurance to have a baby or to receive medical care. *See Hall v. Judge Rosenberg*, Case No. 2:24-cv-04396-RGK (C.D. Cal. May 30, 2024); *Hall v. Wells Fargo Bank*, Case No. 2:24-cv-03701-JWH-AGR (C.D. Cal. May 10, 2024); *Hall v. Bonta*, Case No. 2:24-cv-02044-JWH-AGR (C.D. Cal. Mar. 20, 2024); *Hall v. Social Security Administration*, Case No. 2:24-cv-00846-JWH-AGR (C.D. Cal. Feb. 5, 2024). Hall once alleged that a defendant tampered with a baby's blood to look like Hall's blood. *See Hall v. Wells Fargo Bank*, Case No. 2:24-cv-03701-JWH-AGR (C.D. Cal. May 10, 2024).

Hall has alleged repeatedly that she lost public benefits because of conspiracies against her by several entities and individuals, including government agencies and officials. *See Hall v. Gordo*, Case No. 2:23-cv-08444-JWH-AGR (C.D. Cal. Oct. 27, 2023); *Hall v. Biden*, Case No. 23-cv-2290-CRC (D.D.C. Aug. 23, 2023); *Hall v. Department of the Treasury*, Case No. 2:24-cv-03736-JWH-AGR (C.D. Cal. May 13, 2024); *Hall v. Wells Fargo Bank*, Case No. 2:24-cv-03701-JWH-AGR (C.D. Cal. May 10, 2024); *Hall v. Flaggs*, Case No. 2:24-cv-03594-FLA-MRW (C.D. Cal. May 7, 2024); *Hall v. U.S. Postal Service Mail Fraud*, Case No. 2:24-cv-02217-FLA-SSC (C.D. Cal. Apr. 8, 2024).

Hall has alleged repeatedly that public officials, often with the cooperation of judges, filed lawsuits or ran financial scams using Hall's name, in order to

enrich themselves. *See Hall v. Gordo*, Case No. 2:23-cv-08444-JWH-AGR (C.D. Cal. Oct. 27, 2023); *Hall v. Flaggs*, Case No. 2:24-cv-03594-FLA-MRW (C.D. Cal. May 7, 2024); *Hall v. Rodriguez*, Case No. 2:23-cv-10768-JWH-AGR (C.D. Cal. Jan. 2, 2024); *Hall v. Department of the Treasury*, Case No. 2:24-cv-03736-JWH-AGR (C.D. Cal. May 13, 2024); *Hall v. Los Angeles Board of Supervisors Executive Officers*, Case No. 2:24-cv-03357-JWH-AGR (C.D. Cal. Apr. 29, 2024); *Hall v. U.S. Postal Service Mail Fraud*, Case No. 2:24-cv-02217-FLA-SSC (C.D. Cal. Apr. 8, 2024); *Hall v. Pasadena Police Department*, Case No. 2:24-cv-00270-CBM-JPR (C.D. Cal. Jan. 22, 2024); *Hall v. Wells Fargo Bank*, Case No. 2:24-cv-03701-JWH-AGR (C.D. Cal. May 10, 2024).

Those cases show that Hall has had, in a short period, 35 actions dismissed because they were frivolous. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523, 1526 (9th Cir.1983) (35 prior actions qualified as sufficiently inordinate). Hall's claims are sufficiently numerous and patently without merit to qualify for a substantive finding of frivolousness.

**2.    Harassment**

Although it is unnecessary to make an alternative finding of harassment, the Court nonetheless finds that Hall has filed several similar types of actions that permit a reasonable inference of an intent to harass the Court. In the cases described above, Hall has continued to press her allegations after being warned repeatedly that they are frivolous. Hall's insistence on continuing to file suits raising the same allegations, while knowing the Court will dismiss them as frivolous, evinces an intent to harass the Court.

As an additional example, in the order of dismissal for *Hall v. Rodriguez*, Case No. 2:23-cv-10768-JWH-AGR (C.D. Cal. Jan. 2, 2024), the Court informed Hall that she had no private right of action in federal court for identity theft. That admonition did not stop Hall from subsequently filing several civil

Complaints in which the core allegations involved identity theft. *See Hall v. Pasadena Police Department*, Case No. 2:24-cv-00270-CBM-JPR (C.D. Cal. Jan. 22, 2024); *Hall v. Wray*, Case No. 2:24-cv-00432-PA-AS (C.D. Cal. Jan. 20, 2024); *Hall v. Rodriguez*, Case No. 2:24-cv-00729-AB-MAR (C.D. Cal. Jan. 31, 2024); *Hall v. Social Security Administration*, Case No. 2:24-cv-00846-JWH-AGR (C.D. Cal. Feb. 5, 2024); *Hall v. Lansing*, Case No. 2:24-cv-00935-JWH-AGR (C.D. Cal. Feb. 15, 2024); *Hall v. Pasadena Department of Motor Vehicles*, Case No. 2:24-cv-01140-JWH-AGR (C.D. Cal. Feb. 15, 2024); *Hall v. Pasadena Department of Motor Vehicles*, Case No. 2:24-cv-01140-JWH-AGR (C.D. Cal. Feb. 15, 2024); *Hall v. California Department of Rehabilitation*, Case No. 2:24-cv-03498-MCS-PD (C.D. Cal. May 15, 2024).

Those cases show that Hall has a litigation history of filing several similar types of actions with the knowledge that the Court will summarily reject them, thereby raising a reasonable inference of an intent to harass the Court. *See De Long*, 912 F.2d at 1148 n.3. That history qualifies Hall's litigation behavior for a substantive finding of harassment.

**D.     Narrow Tailoring of the Order**

"Finally, pre-filing orders 'must be narrowly tailored to the vexatious litigant's wrongful behavior.'" *Ringgold-Lockhart*, 761 F.3d at 1066 (quoting *Molski*, 500 F.3d at 1061). It should "cover[] only the type of claims [the litigant] had been filing vexatiously[.]" *Molski*, 500 F.3d at 1061.

Here, if Hall is designated as a vexatious litigant, then the pre-filing order will provide that the Court will not accept any filings from her that are duplicative or frivolous, as her litigation history reflects. *See Ringgold-Lockhart*, 761 F.3d at 1066 (noting that an order that would prevent filings that are "not duplicative, and not frivolous" would be sufficiently narrowly tailored). Filings that do not qualify as duplicative or frivolous will be accepted for filing. Thus,

the pre-filing order "will not deny [Hall] access to courts on any . . . claim that is not frivolous." *Molski*, 500 F.3d at 1061.

### III.  DISPOSITION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Hall is **ORDERED TO SHOW CAUSE** why the Court should not designate her a vexatious litigant in light of her litigation history.

2. If Hall objects to the issuance of an order designating her a vexatious litigant, then she is **DIRECTED** to file a written response to this Order to Show Cause no later than July 19, 2024.

**IT IS SO ORDERED.**

Dated: July 1, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-11-